# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

_____

|  |  |
|---|---|
| In Re | |
| VALERIE ANN CAPPS, | **Bankruptcy Case** |
| | **No. 09-41980-JDP** |
| **Debtor.** | |

_____

## MEMORANDUM OF DECISION

_____

**Appearances:**

Aaron J. Tolson, Ammon, Idaho, Attorney for Debtor.

S. Douglas Wood, SERVICE & SPINNER, Pocatello, Idaho, Attorney for Trustee R. Sam Hopkins.

## Introduction

Chapter 7[1] debtor Valerie Capps ("Debtor"), following her

employment, moved from Colorado to Idaho in December 2006. Since

moving, Debtor has rented an apartment in Rigby while continuing to own

_____

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, and all rule references are to the Federal Rules of Bankruptcy Procedure, Rules 1001–9037.

MEMORANDUM OF DECISION - 1

a home in Colorado.  Debtor claims her Colorado property exempt

pursuant to Idaho's homestead exemption statutes.  The chapter 7 trustee,

R. Sam Hopkins ("Trustee"), objected to that exemption claim and filed a

motion compelling Debtor to turn over the Colorado property to be

liquidated.  The question raised by this contest is whether Idaho's

homestead exemption statute applies extraterritorially, that is, to the

Colorado property, and, if so, whether Debtor's Colorado house qualifies

for an exemption under that statute.

The Court conducted a hearing on September 29, 2010, and took the

issues under advisement.  The Court has considered the record and

submissions of the parties, the arguments of counsel, as well as the

applicable law.  This Memorandum constitutes the Court's findings of fact

and conclusions of law, and resolves this contest.  Fed. R. Bankr. P. 7052,

9014.

MEMORANDUM OF DECISION - 2

## Facts[2]

Debtor moved to Grand Junction, Colorado, in 1994, purchased a house, and resided in it through December 2006.  While living in Colorado, Debtor worked for a specialty mail order craft store.  The store was sold to new owners in 2006.  Initially, Debtor believed that the store would continue to operate in Colorado.  The new owners, however, eventually decided to relocate the business to Rigby.

After unsuccessfully searching for comparable employment in Colorado, Debtor elected to follow the craft store to Idaho and moved into an apartment in Rigby in December 2006.  Debtor furnished the apartment, moving approximately 50% of her existing household goods and personal property, including items necessary for daily living, to Idaho, leaving the remainder in Colorado.

Debtor had lived in the Idaho apartment for approximately three years when she filed a petition for chapter 7 relief in December 2009.

---

[2]  The facts of this case, which were presented primarily at the September 29, 2010, hearing on Trustee's objection and motion, are undisputed.

MEMORANDUM OF DECISION - 3

Debtor concedes that the Idaho apartment was her domicile for more than 730 days prior to filing her chapter 7 case.  Debtor's Response to Trustee's Objection to Amended Claim of Exemption at 1–2, Docket No. 33.  She has obtained a driver's license, registered two vehicles, voted, and filed state income tax returns in Idaho.  Debtor lists the Rigby apartment as her primary residence on both her state and federal tax returns.

Debtor still owns her Colorado house, which is occupied by her mother.  Debtor testified that she visits the home at least once every six months.  While she testified that she intends, if possible, to continue working for the Idaho craft store until retirement, she also considers the Colorado property her home, wishes to reside there permanently, and would live in Colorado if economic circumstances allowed.

Debtor claimed an exemption in $48,882.53 of the value of the Colorado house, relying on Idaho's homestead statute.  Debtor's Amended Schedule C, Docket No. 28.  She has not claimed a homestead in any Idaho property, nor any exemption pursuant to Colorado statutes.  *Id.*

MEMORANDUM OF DECISION - 4

**Discussion**

When a debtor files for bankruptcy, a bankruptcy estate, which includes all of the debtor's legal or equitable interests in property at the commencement of the case, is created.  11 U.S.C. § 541(a)(1).  A debtor may exempt certain property from that estate.  § 522(b)(1).  Potential exemptions are determined by either the Bankruptcy Code, or, if a state has chosen to opt out of the Code's exemption scheme, by state law.  § 522(b)(2).

A debtor must first determine which state's exemption statutes apply in her case before she can determine the exemptions to which she may be entitled.  To determine which state's law applies, a debtor looks to:

> the place in which the debtor's domicile has been located for the 730 days immediately preceding the date of the filing of the petition or if the debtor's domicile has not been located at a single State for such 730-day period, the place in which the debtor's domicile was located for 180 days

> immediately preceding the 730-day period or for a longer portion of such 180-day period than in

MEMORANDUM OF DECISION - 5

any other place.

§ 522(b)(3).  A person establishes her domicile by being physically present in a location with an intent to remain there.  *In re Halpin*, 94 I.B.C.R. 197, 197 (Bankr. D. Idaho 1994) (quoting *Mississippi Bank of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989)).  Not only did Debtor live in Idaho for at least 730 days prior to filing her bankruptcy petition, and expresses an intent to remain in Idaho for as long as her employment continues, but the parties have not disputed that Debtor was domiciled in Idaho for at least 730 days prior to filing.  Accordingly, Idaho exemption law applies in Debtor's bankruptcy case.

Idaho has opted out of the Code's exemption scheme; instead, Idaho state exemption law determines which property may be exempted from Idaho debtors' bankruptcy estates.  Idaho Code § 11-609.  Among the Idaho exemption statutes is a "homestead exemption," which allows a debtor to exempt up to $100,000 in value in a qualified homestead.  *Id.* § 55-1003.  Idaho's exemption statutes are to be construed in favor of

MEMORANDUM OF DECISION - 6

debtors.  *In re Merrill*, 431 B.R. 239, 242 (Bankr. D. Idaho 2009).  Trustee, as

the party objecting to Debtor's claimed exemption, bears the burden of

proving that Debtor's claim is not proper.  Rule 4003(c); *Carter v. Anderson*

(*In re Carter*), 182 F.3d 1027, 1029 n.3 (9th Cir. 1999); *Hopkins v. Cerchione* (*In

re Cerchione*), 414 B.R. 540, 548–49 (9th Cir. BAP 2009).

1.    <u>Extraterritorial effect of Idaho's homestead exemption</u>.

Debtor claims an exemption pursuant to Idaho's homestead

exemption statute.  The real property which Debtor has claimed as

exempt, however, is located in Colorado, not Idaho.  The question, then, is

whether Idaho's homestead exemption statute may be utilized by Debtor

to shield real property from Trustee's reach when that property is not

located in Idaho.

The Idaho homestead exemption statute provides that:

> A homestead may consist of lands, as described
> in section 55-1001, Idaho Code, regardless of area,
> but the homestead exemption amount shall not
> exceed the lesser of (i) the total net value of the
> lands, mobile home, and improvements as

MEMORANDUM OF DECISION - 7

> described in section 55-1001, Idaho Code; or (ii)
> the sum of one hundred thousand dollars
> ($100,000).

Idaho Code § 55-1003. As can be seen, the statute is silent regarding its extraterritorial reach.

Where state homestead exemption statutes are silent on the matter, other courts are split with respect to whether such statutes should be given extraterritorial effect. *See Drenttel v. Jensen-Carter* (*In re Drenttel*), 403 F.3d 611, 613 (8th Cir. 2005) (recognizing the split and citing cases finding, and cases denying, extraterritorial effect where a state homestead exemption statute is silent). Some courts have applied silent state exemption statutes extraterritorially. *See e.g., Arrol v. Broach* (*In re Arrol*), 170 F.3d 934, 936–37 (9th Cir. 1999) (interpreting California law); *In re Drenttel*, 403 F.3d at 614–15 (interpreting Minnesota law); *In re Stratton*, 269 B.R. 716, 718–19 (Bankr. D. Or. 2001). Others, including this Court, have not. *See, e.g., In re Adams*, 375 B.R. 532, 533–35 (Bankr. W.D. Mo. 2007); *In re Halpin*, 94 I.B.C.R. at 198; *In re Sipka*, 149 B.R. 181, 182–83 (D. Kan. 1992).

MEMORANDUM OF DECISION - 8

An overarching reason for variance among the courts is that,

ultimately, the determination of whether a statute has extraterritorial effect

is a matter of state law interpretation.  If a state's homestead exemption

statute provides that the exemption only applies to property within the

state, the statute is not applicable extraterritorially.  *Stephens v. Holbrook* (*In*

*re Stephens*), 402 B.R. 1, 6 (10th Cir. BAP 2009); *In re Jevne*, 387 B.R. 301, 304

(S.D. Fla. 2008).  Where a state's homestead exemption statute is silent in

regards to extraterritorial effect, a bankruptcy court should look to the

state's courts' interpretation of the statute.  *In re Stephens*, 402 B.R. at 6; *In*

*re Adams*, 375 B.R. 532, 533–34 (W.D. Mo. 2007); *In re Jevne*, 387 B.R. at 304;

*see In re Halpin*, 94 I.B.C.R. at 198.

That approach presents a challenge in this case because Idaho's state

appellate courts, as near as the Court can tell, have never addressed

whether Idaho's homestead exemption statute may be applied to exempt

real property located outside the State.  This Court, however, has

previously discussed the statute's extraterritorial effect.  *See In re Harris*,

MEMORANDUM OF DECISION - 9

No. 09-03792-JDP, 2010 WL 2595294, at *3 (Bankr. D. Idaho 2010) (relying

upon *In re Halpin*, 94 I.B.C.R. at 198).  In doing so, the Court reasoned that,

due to the lack of decisional support for applying the Idaho statute

extraterritorially, and giving deference to the public policies of

discouraging "exemption shopping"[3] and protecting creditors'

expectations,[4] the Idaho statute should not be applied extraterritorially.  *In*

---

[3]  Congress has also recognized the importance of this public policy.
Through BAPCPA, Congress extended the period that a debtor must be
domiciled in a particular state before that state's exemption statutes apply.
Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No.
109-8, § 307, 119 Stat. 23, 81.  As a result, debtors may no longer move to a new
state, wait six months, and then take advantage of the new state's exemption
laws.  *Id.*  Instead, debtors must be continuously domiciled in a state for at least
two years prior to filing for bankruptcy before that state's exemption statutes are
available.  § 522(b)(3).  In addition, if a debtor changes her domicile within that
period, the Code looks to the six-months prior to the beginning of the two year
period (between 730 and 910 days prior to filing) to determine which state's
exemption laws apply.  *Id.*  Presumably, Congress intended this revised statutory
scheme to discourage attempts by debtors to seek a forum with more favorable
exemption laws by moving to that state shortly before filing for bankruptcy.

[4]  As the Court explained:

> Creditors can be expected to be aware of the applicable
> exemption laws in those states in which their debtors live at
> the time of the transaction.  Out-of-state creditors would not
> necessarily be familiar with Idaho's homestead exemption.

MEMORANDUM OF DECISION - 10

*re Halpin*, 94 I.B.C.R. at 198.

Debtor argues that this Court's decision in *In re Halpin* should be reconsidered "in light of . . . the [Ninth] [C]ircuit's approach [in *In re Arrol*]."  Response to Trustee's Objection to Amended Claim of Exemption at 4–5, Docket No. 33.  The Ninth Circuit, however, utilized the same general approach in *In re Arrol* as taken by this Court in *In re Halpin* and this case:  it interpreted and applied a state homestead exemption statute. *See In re Arrol*, 170 F.3d at 936–37.  Of course, in *In re Arrol* the court of appeals applied California law, while in *In re Halpin* this Court applied Idaho law.  California state courts had previously interpreted the California homestead exemption statute as fulfilling state goals that, the Ninth Circuit found, warranted extraterritorial application, even though

---

> Unfair interference with the normal risks associated with granting credit could result if debtors could, after defaulting on credit, invoke the sanctuary of the Idaho homestead statutes to protect their out-of-state real property.

*In re Halpin*, 94 I.B.C.R. at 198.

MEMORANDUM OF DECISION - 11

the statute is silent in regards to its extraterritorial effect. *Id.* at 936. In contrast, Idaho's courts have not interpreted Idaho's homestead exemption statute to affect similar goals. In other words, respectfully, the Ninth Circuit's *In re Arrol* decision does not control this Court's interpretation of Idaho law.

For the reasons originally set forth in *In re Halpin*, and in the absence of any decisional guidance from the Idaho courts to the contrary,[5] the Court adheres to its view that the Idaho homestead statute cannot be invoked by Debtor to protect her house in Colorado.

2.    Impact of BAPCPA on the issue of extraterritorial effect.

With the passage of BAPCPA, Congress altered the Code's

---

[5] Of course, via an amendment to the Idaho homestead exemption statute, the Legislature could easily express its intent that it be available to shield non-Idaho real property. Indeed, in the past, decisions by this Court have been the motivation for changes in Idaho's exemption laws. That the Legislature has not acted to modify the outcome in cases like *In re Halpin* and this one is arguable additional evidence of its intent to restrict application of the Idaho law to Idaho homes.

MEMORANDUM OF DECISION - 12

exemption scheme.  Two changes potentially impact debtors seeking

extraterritorial application of a state homestead exemption statute.

First, BAPCPA altered the § 522(b) choice-of-law provision, affecting

which state's laws a debtor may invoke in claiming her exemptions.

Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub.

L. No. 109-8, § 307, 119 Stat. 23, 81.  The period that an individual must be

domiciled in a state before its exemption laws apply was increased from

180 days to 730 days.  *Id.*  If a debtor changes her domicile within the 730

days prior to filing bankruptcy, however, the Code now directs that the

debtor's domicile between 730 days and 910 days before filing is utilized to

determine the applicable state law.  *See* § 522(b)(3).  While this change

may, in some instances, impact the determination of which state's

homestead exemption statute applies, it does not affect whether the

applicable state homestead exemption statute has extraterritorial effect.

Second, BAPCPA added a "hanging" paragraph to § 522(b), which

MEMORANDUM OF DECISION - 13

states:

> If the effect of the domiciliary requirement under
> [§ 522(b)(3)(A)] is to render the debtor ineligible
> for any exemption, the debtor may elect to
> exempt property that is specified under
> [§ 522(d)].

§ 522(b).  For this provision to allow a debtor to utilize the federal

exemptions provided by § 522(d), the debtor must be ineligible for all state

exemptions in all potential states.[6]  *See In re Harris*, No. 09-03792-JDP, 2010

WL 2595294, at *5; *In re Katseanes*, 07.4 I.B.C.R. 79, 80–81 (Bankr. D. Idaho

2007).  Therefore, even if a debtor cannot take advantage of any state's

homestead exemption, as long as the debtor may take advantage of some

---

[6] Such a circumstance may arise where a debtor moves to a new domicile within 730 days and the § 522(b)(3)(A) domicile restricts its exemption statutes to state residents only.  The debtor would be ineligible for his new state's exemptions because he does not meet the 730 day requirement of § 522(b)(3)(A). He would also be ineligible for the exemptions of his old state, the § 522(b)(3)(A) domicile, because he is no longer a resident of that state.  Use of § 522(d)'s exemptions would be appropriate in such a case.  *See, e.g.*, *In re Underwood*, 342 B.R. 358, 360–61 (Bankr. N.D. Fla. 2006).

MEMORANDUM OF DECISION - 14

state exemption, the hanging paragraph does not allow the debtor to use

the § 522(d) exemptions.

In this case, Idaho's homestead exemption statute does not allow

Debtor to assert an exemption in her only potential homestead, the

Colorado real property.  Debtor has, however, claimed exemptions in

various items of personal property under Idaho's exemption statutes.  *See*

Debtor's Amended Schedule C, Docket No. 28.  As a result, because

§ 522(b)(3)(A)'s domicile requirements did not render Debtor ineligible for

all state exemptions, § 522(b)'s hanging paragraph has no significance in

this case.

Simply put, BAPCPA did not alter the extraterritorial effect of

Idaho's homestead exemption statute.

3.      Idaho's homestead exemption statute.

Debtor faces an additional obstacle under these facts.  Even if

Idaho's homestead exemption statute could be applied extraterritorially,

MEMORANDUM OF DECISION - 15

Debtor has not met the statute's requirements for establishing an

exemption.

Idaho's homestead exemption statute provides:

> "Homestead" means and consists of the dwelling
> house or the mobile home in which the owner
> resides or intends to reside, with appurtenant
> buildings, and the land on which the same are
> situated and by which the same are surrounded,
> or improved . . . .  Property included in the
> homestead must be actually intended or used as a
> principal home for the owner.

Idaho Code § 55-1001.  There are two ways to create a homestead in Idaho:

the property may be "occupied as a principal residence by the owner," or

an owner may execute and file a "declaration of homestead" with the

county recorder's office in which the property is located.  *Id.* § 55-

1004(1)(2); *In re Moore*, 269 B.R. 864, 869 (Bankr. D. Idaho 2001) (quoting *In

re Burke*, 96.1 I.B.C.R. 40, 40 (Bankr. D. Idaho 1996)).

A debtor's residence may be distinct from her domicile.  *In re Halpin*,

MEMORANDUM OF DECISION - 16

94 I.B.C.R. at 197.  "Domicile" requires an "intent to remain" at a location.

*Id*.  "Residence, by contrast, may refer to living in a particular locality

without the intent to make it a fixed and permanent home."  *Id*. (citing

BLACK'S LAW DICTIONARY 1176 (6th ed. 1990)).  Though a person may have

only one domicile, she may have several residences.  *Id*. (citing *Williamson*

*v. Osenton*, 232 U.S. 619, 625 (1914)).  Idaho's homestead exemption

statutes, however, limit the creation of a homestead to one residence:  the

debtor's principal, or primary, residence.  *See* Idaho Code § 55-1004(1).

The validity of Idaho exemptions is determined as of the date that a debtor

files her bankruptcy petition.  11 U.S.C. § 522(b)(3)(A); *White v. Stump*, 266

U.S. 310, 313 (1924); *Culver, LLC v. Chiu* (*In re Chiu*), 266 B.R. 743, 751 (9th

Cir. BAP 2001).

  Where a debtor has established a principal residence as a

homestead, and is later absent from that residence for a period of six

months or more, a rebuttable presumption that the debtor has abandoned

MEMORANDUM OF DECISION - 17

the homestead arises.  Idaho Code § 55-1006; *In re Naputi*, 07.2 I.B.C.R. 33, 34–35 (Bankr. D. Idaho 2007); *In re Koopal*, 226 B.R. 888, 891 (Bankr. D. Idaho 1998).  The analysis of whether a debtor has sufficiently rebutted the presumption of abandonment is a factual one, and the debtor bears the burden of proving that the prior homestead has not been abandoned.  *See, e.g.*, *In re Naputi*, 07.2 I.B.C.R. at 35.

Prior to moving to Idaho, Debtor's Colorado house was her principal residence.  Debtor moved to Idaho, however, three years prior to filing for bankruptcy.  By the time that Debtor filed her petition, she had registered to vote, obtained a driver's license, registered vehicles, and filed taxes in Idaho.  While Debtor testified that she regularly visited Colorado during the three years between moving and filing for bankruptcy, and that she never missed more than six months between visits, visiting Colorado and maintaining a principal residence there are two different things.  Debtor has indicated that she intends to remain in Idaho for as long as her

MEMORANDUM OF DECISION - 18

employment lasts, until retirement if possible.  While Debtor has talked

about an abstract desire to permanently reside in Colorado, there are no

concrete plans to do so in any foreseeable future.   Under these facts,

Debtor's principal residence is in Idaho, not Colorado.  Moreover, even if

Idaho's homestead exemption statute had extraterritorial effect, Debtor

likely abandoned any homestead in the Colorado property, and has since

established Rigby as her principal residence.[7]

## Conclusion

As this Court decided in 1994 in *In re Halpin*, the Idaho homestead

exemption statute does not apply to protect real property located in a

different state.  In addition, in this case, even if the statute were given

---

[7] Of course, even assuming Debtor could establish her intent to treat
Colorado as her principal residence, and to eventually reside there, the Idaho
statute requires that a declaration of homestead be recorded to establish an
exemption in any house where she is not yet living.  Idaho Code § 55-1004(2) .
Debtor concedes she recorded no such declaration, another potentially fatal flaw
in her legal theory.

MEMORANDUM OF DECISION - 19

extraterritorial effect, Debtor does not meet the requirements to claim an

exemption in her Colorado real property pursuant to the Idaho statute.

Trustee's objection to Debtor's claim of exemption will be sustained, and

his motion for turnover will be granted, in a separate order.

Dated:  October 18, 2010

_____
Honorable Jim D. Pappas
United States Bankruptcy Judge

MEMORANDUM OF DECISION - 20